
*REMAND/MADE JS-6*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9490-GW(MRWx) | Date | November 13, 2012 |
|---|---|---|---|
| Title | *Wells Fargo Bank, N.A. v. Susan Lee, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING ACTION TO STATE COURT**

     Plaintiff Wells Fargo, N.A. ("Plaintiff") purchased real property located at 435 South La Fayette Park Place, Unit 118, Los Angeles, CA 90057 (the "Subject Property"), at a non-judicial foreclosure sale in August 2012.  Compl. ¶ 5.  Defendant Susan Lee ("Defendant") was occupying the Subject Property at the time of the sale, and was served with an eviction notice on September 18, 2012.  She remained in possession of the Subject Property for more than three days after service thereof.  *Id.* ¶¶ 4-7.  On September 26, 2012, Plaintiff instituted unlawful detainer proceedings in state court.  *Id.* ¶ 7.  Defendant, proceeding *pro se*, removed the action to this Court on November 6, 2012.  *See generally* Docket No. 1.

     Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986).  Further, a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

     Subject matter jurisdiction based on diversity of citizenship requires that Plaintiff has different citizenship from Defendant and that the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  As stated in the initial complaint, Plaintiff seeks less than $10,000, and in unlawful detainer cases the amount of damages sought in the complaint, not the value of the real property at issue, constitutes the amount in controversy.  *See Bank of*

|  | : |
|---|---|
| Initials of Preparer | JG |

*REMAND/MADE JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9490-GW(MRWx) | Date | November 13, 2012 |
|---|---|---|---|
| Title | *Wells Fargo Bank, N.A. v. Susan Lee, et al.* | | |

*Am., N.A. v. Engler*, No. CV 11-01457 MMM, 2011 U.S. Dist. LEXIS 136166, at *7-8 (C.D. Cal. Nov. 28, 2011); *see also Battle v. Atkinson*, 191 U.S. 559 (1903). Accordingly, no subject matter jurisdiction exists based on diversity due to the fact that the amount in controversy requirement is not met.

      Subject matter jurisdiction also exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint contains a single cause of action for unlawful detainer, a state law claim. Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See id.* at 392-93. As a result, the fact that Defendant rested on a federal statute, the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220, in a demurrer it filed in state court (*see* Notice of Removal, Docket No. 1 at 2) cannot serve as the basis for establishing federal question jurisdiction. The fact remains that this is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

      The Court thus REMANDS the action to state court forthwith, orders the Court Clerk promptly to serve this order on all parties who have appeared in this action, and VACATES the scheduling conference set for December 3, 2012 (*see* Docket No. 4).

:

Initials of Preparer    JG